■ In the Matter of the Estate of JACOB COHEN, Also Known as JACOB C. COHEN, Deceased. ADA T. TRASK, Appellant-Respondent; SAMUEL COHEN, Respondent-Appellant, et al., Respondents.—In a proceeding to settle a coexecutor's account, coexecutrix Ada Turkish Trask appeals from so much of an order of the Surrogate's Court, Kings County (Bloom, S.), dated April 11, 1984, as confirmed that part of a Referee's report concerning four promissory notes dated December 12, 1967, totaling $650,000; and coexecutor Samuel Cohen cross-appeals from so much of the same order as confirmed the Referee's findings and conclusions concerning: (1) a promissory note for $425,000 dated September 10, 1969, and (2) a promissory note for $100,000 dated July 1, 1974, and determined that Samuel Cohen is otherwise indebted or obligated to the estate and the estate is not indebted or otherwise obligated to Samuel Cohen.

Order modified, on the law, by deleting the provision which confirmed the alternative findings of fact and conclusions of

law (parts II and III) concerning the "Existence of A Constructive Trust" and "Disposition of the $200,000 Note". As so modified, order affirmed, without costs or disbursements.

The underlying subject of this proceeding concerns certain claims by the estate of the deceased, Jacob Cohen, against the deceased's son and coexecutor of the estate, Samuel Cohen, based on six promissory notes made by Samuel Cohen to Jacob Cohen as payee. Four of the notes are dated December 12, 1967, due on December 12, 1987, and payable at 5% interest. A fifth promissory note is dated September 10, 1969, in the amount of $425,000, due on a date to be fixed in accordance with a written agreement between Jacob Cohen and Samuel Cohen dated the same day, with interest at 6% per annum and linked to the transfer of 39,762 shares of American Hoist and Derrick Corp. The sixth promissory note is dated July 1, 1974, in the amount of $100,000, payable on demand, without any interest.

Based upon our review of the record, we agree with the Referee's findings of fact and conclusions of law, as confirmed by the Surrogate's order, that pursuant to an oral agreement and understanding between Jacob Cohen and Samuel Cohen, based upon ample consideration, Samuel Cohen was discharged from liability on the four promissory notes totaling $650,000 upon Jacob Cohen's death, in compliance with Florida Uniform Commercial Code § 673.3-601 (2).

Since the Surrogate confirmed the main findings of fact and conclusions of law of the Referee, he should not have also confirmed the alternative findings and conclusions of the Referee, imposing a constructive trust against the estate in favor of Samuel Cohen and determining that there was a surrender by Jacob Cohen of the $200,000 note in compliance with Florida Uniform Commercial Code § 673.3-605 (1) (b).

Also, we agree with the Referee that the evidence in the record fails to demonstrate that Samuel Cohen was discharged from liability concerning the $100,000 note dated July 1, 1974.

Finally, with respect to the $425,000 note dated September 10, 1969, we agree with the Referee's report that the record fails to demonstrate that Jacob Cohen entered into an agreement with Samuel Cohen to extend payment of this note for 20 years after September 10, 1970.

We have reviewed the parties' remaining contentions and find them to be without merit.

In sum, we conclude that Samuel Cohen was discharged from liability on the $650,000 in notes upon Jacob Cohen's

death, but he remains liable to the estate on the aforementioned promissory notes for $425,000 and $100,000, respectively. Mangano, J. P., Gibbons, Thompson and Kunzeman, JJ., concur.